# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DALE D. BOOKWALTER, | ) |
| Petitioner, | ) |
| v. | ) No. 4:17-CV-2333 SPM |
| TROY STEELE, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Although petitioner's post-conviction proceedings are still pending in Stoddard County Court at this time, the Court will issue process on petitioner's application for habeas corpus in this Court as a result of the unreasonable delay in petitioner's state court remedies. The Court will also appoint counsel in this matter. *See* 28 U.S.C. § 1915(e)(1).

### Background

On June 11, 2009, a jury convicted movant of first-degree statutory sodomy. *Missouri v. Bookwalter*, No. 08DU-CR01415-01 (35th Judicial Circuit, Dunklin County Court). Movant filed a timely appeal, and on November 17, 2010, the Missouri Court of Appeals affirmed. *Missouri v. Bookwalter*, No. SD30013 (Mo. Ct. App.). On March 2, 2011, movant filed a Rule 29.15 motion for post-conviction relief in Stoddard County Circuit Court. *Bookwalter v. Missouri*, No. 11SD-CC00033 (35th Judicial Circuit, Stoddard County Court). Petitioner was appointed counsel in his post-conviction proceedings, and an amended motion to vacate his sentence was filed on June 15, 2011.

The trial Judge recused himself from the post-conviction relief proceedings on or about June 20, 2011. The Honorable John Spielman was assigned to the matter on June 23, 2011. Although petitioner's appointed counsel had requested an evidentiary hearing at the time she filed the amended motion to vacate on June 15, 2011, it was not until May 31, 2016, that the Court granted the motion for evidentiary hearing, as well as petitioner's motion to take depositions in the action. Nonetheless, an evidentiary hearing date has still not been set in the post-conviction action. However, petitioner's appointed counsel has taken the depositions of petitioner's trial and appellate counsel.

## Discussion

The unjustified delay by a state court in adjudicating a post-conviction review petition may give rise to both a due process violation and relief from the exhaustion requirement. In deciding whether delay excuses exhaustion, courts consider the history of the petitioner's attempts to obtain state remedies, including the length of the delay, whether there has been any activity or progress in the state court action, whether the delay is attributable to the state or to the petitioner, and prejudice to the petitioner. *See, e.g., Pool v. Wyrick*, 703 F.2d 1064, 1066–67 (8th Cir. 1983) (per curiam) (where petitioners had not obtained any state-court ruling on post-conviction motions after delays of more than two years, court of appeals remanded case to the district court with directions to consider the habeas petition on the merits if the state court still had not rendered a decision within a stated period of time); *Lee v. Stickman*, 357 F.3d 338, 343–44 (3d Cir. 2004) (nearly eight-year delay); *Harris v. Champion*, 15 F.3d 1538, 1555, 1557 (10th Cir. 1994) (delay of more than two years gives rise to a rebuttable presumption that exhaustion should be excused).

The Court has reviewed the state court file, as well as petitioner's amended application for post-conviction relief, *Bookwalter v. Missouri*, No. 11SD-CC00033 (35th Judicial District, Stoddard County Court). In his amended motion, petitioner argues that he was denied his rights to effective assistance of counsel, a fair trial, due process of law, and to be free from cruel and unusual punishment in violation of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

Petitioner raises multiple claims for relief. He claims that the prosecutor failed to disclose, prior to trial that a weapon had allegedly been used in the commission of the charged crime. Petitioner claims that his trial attorney was ineffective for: (1) failing to call key defense witnesses; (2) failing to interview and/or call expert witnesses; (3) failing to make certain objections to evidence introduced at trial (that petitioner purportedly had a gun during the crime) and for the fact that petitioner was brought into the courtroom in shackles; (4) failing to engage in adequate discovery; (5) failing to advise certain witnesses that they could not testify about certain topics according to the rape shield exception; (6) misleading petitioner into thinking that the jury engaged in the sentencing decision which caused him not to accept a plea deal; (7) failing to object to the prosecutor's inability to prove all of the elements of the crime, namely that the victim was 14 years of age; (8) failing to show up at a polygraph examination to represent petitioner; and (9) failing to object to certain jury instructions and/or object to the mention of an unnamed and un-prosecuted co-defendant.

Petitioner additionally claims that the trial Judge engaged in a due process violation when the Judge made petitioner's counsel go to trial even though trial counsel admitted he was not prepared to proceed to trial.

Last, petitioner asserts that his appellate counsels was ineffective because he "only raised one issue on appeal" because "he would not listen to me" and raise additional grounds.

The Court finds that the nearly seven-year delay exercised by the post-conviction court excuses the required exhaustion required in 28 U.S.C. § 2254(b)(1)(A), and petitioner's case should be considered on the merits at this time.

Further, it appears from the facts alleged in the petition that the Court and petitioner would benefit from appointment of counsel to represent petitioner, who is proceeding pro se. Therefore, the Court will appoint counsel in this matter. *See* 28 U.S.C. § 1915(e)(1).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk is directed to appoint Kevin Schreiner as Pro Bono Counsel to petitioner in this action. A separate Notice of Appointment of Pro Bono Counsel shall be entered by the Clerk.

**IT IS FURTHER ORDERED** that appointed counsel shall have forty-five (45) days from the date of this Memorandum and Order to file an amended petition in this action.

**IT IS FURTHER ORDERED** that a Case Management Order will be entered by separate Order of the Court.

                                              _____
                                              SHIRLEY PADMORE MENSAH
                                              UNITED STATES MAGISTRATE JUDGE

Dated this 7th day of December, 2017.