UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DALE D. BOOKWALTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-2333 SPM |
| | ) | |
| TROY STEELE, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

Petitioner commenced this case by filing a petition for writ of habeas corpus under 28 U.S.C. Sec. 2254. (Doc. 1). The matter is currently before the court on Petitioner's Motion for Release on Bail Pending Decision on Petitioner's Pending Amended Habeas Petition. (Doc. 22). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. Sec. 636(c). (Doc. 5).

After a jury trial in 2009, Petitioner was convicted of statutory sodomy in the first degree. *See State v. Bookwalter*, No. 08DU_CR01415-02 (35th Judicial Circuit). The trial court sentenced him to fifteen years in prison, and his direct appeal was denied. *State v. Bookwalter*, 326 S.W. 3d 530 (Mo. Ct. App. 2010). Over seven years ago, Petitioner filed a timely Rule 29.15 petition for post-conviction relief, which remains pending in state court. *Bookwalter v. State*, No. 11SD-CC00033 (35th Judicial Circuit). Due to this inordinate delay in his state post-conviction proceedings, the Court is allowing Petitioner to pursue his federal habeas petition even though his state remedies are not exhausted. (Doc. 7). Petitioner urges the Court to release him pending its

decision in his habeas petition. He contends that he has asserted at least one ground for relief that clearly warrants habeas relief. He also asserts that his case is exceptional, due both to the fact that he has served almost ten years of his fifteen year sentence, and because of the inordinate and inexplicable delay in his state post-conviction proceedings. Accordingly, Petitioner alleges that he has met the exceedingly high standard for release on bail pending a habeas petition.

"In spite of the lack of specific statutory authorization, it is within the power of a District Court of the United States to enlarge a state prisoner on bond pending hearing and decision on his application for a writ of habeas corpus." *Martin v. Solem*, 801 F.2d 324, 329 (8th Cir. 1986) (quoting *In re Wainwright*, 518 F.2d 173, 174 (5th Cir. 1975) (per curiam) (citations omitted). To obtain release pending habeas review, the petitioner must overcome a "formidable barrier." *Glynn v. Donnelly*, 470 F.2d 95, 98 (1st Cir. 1972). Release on bail is not favored in federal habeas corpus proceedings because it "supplies the sought-after remedy before the merits of petitioner's application are determined." *Iuteri v. Nardoza*, 662 F.2d 159, 161 (2d Cir. 1981). To qualify for release, the petitioner must show a substantial federal constitutional claim that "presents not merely a clear case on the law, but a clear, and readily evident, case on the facts." *Martin*, 801 F.2d at 329 (quoting *Glynn*, 470 F.2d at 98). There must *also* exist "some circumstance making the request exceptional and deserving of special treatment in the interests of justice." *Martin*, 801 F.2d at 329 (quoting *Ostrer v. United States*, 584 F. 2d 594, 599 (2d Cir. 1978). Habeas petitioners are rarely granted release on bail pending disposition. *Martin*, 801 F.2d at 329; *see also United States v. Mett*, 41 F.3d 1281, 1282 n.4 (9th Cir. 1994) (special circumstances included a serious deterioration of health while

incarcerated); *Landano v. Rafferty*, 970 F.2d 1230, 1238-39 (3d Cir. 1992) (bail warranted because advanced untreated diabetes was causing rapid progression to blindness, and prisoner was not granted liberty, but instead taken to hospital for emergency treatment); *Johnston v. Marsh*, 227 F.2d 528, 529 (3d Cir. 1955) (petitioner was gravely ill and was released for emergency hospital treatment). Courts have also recognized that release could be proper because of extraordinary delay in the processing of a petition. *See e.g. Glynn*, 470 F.2d at 98 (recognizing that while extraordinary delay could justify release, such relief was not warranted in that case). The high standard applicable to requests for release while the Court considers a petitioner's habeas petition "reflects the recognition that a preliminary grant of bail is an exceptional form of relief in a habeas corpus proceeding." *Lucas v. Hodden*, 790 F.2d 365, 367 (3d Cir. 1986).

Petitioner asserts that Ground Seven of his habeas petition represents "a substantial constitutional issue" on which he is likely to prevail. (Doc. 22 at 3). Ground Seven is a claim of ineffective assistance of appellate counsel that Petitioner argues presents a "clear case on the law and the facts." *Id*. at 4. Petitioner alleges that his appellate counsel was ineffective for failing to argue on appeal a claim of trial court error in submitting to the jury a statutory sodomy verdict director that did not specify which alleged act of anal sodomy petitioner committed, thus violating his right to a unanimous verdict. He alleges that his right to a unanimous jury was clear at the time of his trial, citing *State v. Celis-Garcia*, 344 S.W.3d 150, 155 (Mo. banc 2011). He also alleges that if this issue had been raised in his direct appeal, the appellate court would have found plain error and vacated his conviction for a new trial, citing *State v. Carlton*, 527 S.W.3d 865, 874 (Mo. Ct. App. 2017), in which the appellate court remanded for a new trial after

finding that the verdict directors at trial did not insure juror unanimity as to the criminal conduct supporting defendant's convictions.

Petitioner also alleges that exceptional circumstances exist in his case, as he has already served almost ten years of his fifteen-year sentence. He argues that he must be released in order to prevent him from serving more prison time than necessary, because even if he is successful on one or more of his grounds for habeas relief, the State could appeal that ruling and request a stay of his release pending the outcome of its appeal. He also asserts that exceptional circumstances exist because his state post-conviction proceeding has been pending for over seven years in the circuit court, which he asserts is an inordinate and unexplainable delay. He argues that this delay in justice is so exceptional that it justifies special treatment of his case, necessitating his release pending determination of his habeas petition in this Court.

The Court turns first to Petitioner's contention that his case presents exceptional circumstances that require his release. Petitioner argues that he has served almost ten years of his fifteen-year sentence, and if he is not released on bail he is at risk of serving "more time in the Department of Corrections than necessary." (Doc. 22 at 2). There is nothing unusual about a claim of unlawful confinement in a habeas proceeding, and there is nothing extraordinary about serving a sentence imposed after one was convicted. The Court is not convinced that anything about Petitioner's situation of having already served a substantial portion of his sentence is exceptional enough to justify his release on bail at this time. Petitioner also contends that extraordinary circumstances exist in his case because his state post-conviction petition has been pending for over seven years. To be sure, this is unusual; however, the Court has adequately addressed the unusual straits in

which Petitioner finds himself due to this delay by allowing his federal habeas petition to move forward even though his state claims are not exhausted. At this time, there is nothing to suggest that there will be excessive delay in this habeas case, and in further recognition of the delay that has already occurred at the state level, the Court will prioritize its review of Petitioner's petition on the merits once it is fully briefed, and will endeavor to issue its decision as expeditiously as reasonably practicable thereafter.

Because the Court finds that Petitioner's case does not present "some circumstance making [the request for release] exceptional and deserving of special treatment in the interest of justice," the Court need not consider at this time whether Petitioner also shows a "substantial federal Constitutional claim that 'presents not merely a clear case on the law, but a clear, and readily evident, case on the facts.'" *Martin* (*quoting Glynn*, 470 F.2d at 98). The Court is not questioning the merit of Petitioner's claims, but is merely recognizing that this case is still in its very early stages, and while Petitioner may well have presented meritorious Constitutional claims, that determination has not yet been, and will not be, made at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Release on Bail Pending Decision on Petitioner's Pending Amended Habeas Petition is **DENIED** without prejudice. (Doc. 22).

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 13th day of April, 2018.