# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DALE D. BOOKWALTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:17-CV-2333 SPM |
| ) | |
| TROY STEELE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

Petitioner commenced this case by filing a petition for writ of habeas corpus under 28 U.S.C. Sec. 2254. (Doc. 1). The matter is currently before the court on Respondent's motion to stay the petition and hold it in abeyance so that petitioner may exhaust his state court remedies. (Doc. 29). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. Sec. 636(c). (Doc. 5).

## Background

After a jury trial in 2009, Petitioner was convicted of statutory sodomy in the first degree. *See State v. Bookwalter*, No. 08DU-CR01415-02 (Dunklin County). The trial court sentenced him to fifteen years in prison, and his direct appeal was denied. *State v. Bookwalter*, 326 S.W. 3d 530 (Mo. Ct. App. 2010). On March 2, 2011, Petitioner filed a timely Rule 29.15 motion for postconviction relief, which remains pending in state court. *Bookwalter v. State*, No. 11SD-CC00033 (35th Judicial Circuit). There is no apparent reason why the motion has been unresolved for over seven years except for unreasonable delay by the state court. Due to this inordinate delay in his state postconviction

proceedings, the Court determined that his state remedies were futile, and it allowed Petitioner to pursue his federal habeas petition even though his state remedies were not exhausted.[1] (Doc. 7).

Shortly after this Court allowed Bookwalter to forego the exhaustion requirement, Missouri Assistant Attorney General Olivea A. Myers wrote a letter to the Honorable John Spielman, the judge assigned to Petitioner's Rule 29.15 motion. (Doc. 29-3). In that letter, she notified Judge Spielman that this Court had decided to review Petitioner's habeas petition on the merits, and asked him to set a status conference "as soon as possible . . . to ensure that Bookwalter gets to fairly present his claims in state court." *Id*. After being informed of this Court's actions, Judge Spielman scheduled a hearing in Bookwalter's case for May 14, 2018. (Doc. 29-2). However, on May 9, 2018, Judge Spielman issued an order directing that depositions be taken of Bookwalter and another witness. (Doc. 36-3). This action effectively cancelled the hearing, and no further hearing has been scheduled. *Id*.

Subsequently, rather than responding to the allegations in Petitioner's habeas petition, Respondent filed the instant motion to stay the proceedings and hold the petition in abeyance for a period of ninety days pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), so that Petitioner can exhaust his claims in state court. Respondent argues that Bookwalter's state remedies are no longer futile because the state court has taken action on his Rule 29.15 motion, and that the principle of comity should persuade this Court to stay Petitioner's habeas claim and hold it in abeyance while Bookwalter litigates his claims fully in state court.

---

[1] Under 28 U.S.C. § 2254(b)(1)(A), the federal courts are not to grant a writ of habeas corpus brought by a person in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State."

Petitioner responded in opposition to the motion to stay and abey, arguing that because the motion court has indefinitely postponed the hearing originally set for May 14, 2018, the resolution of his postconviction case is no more imminent than it was before, and his state remedies remain futile.

**Discussion**

In *Rhines*, the Supreme Court considered whether a federal court has discretion to stay and hold in abeyance a federal habeas petition in order to allow the petitioner to present his unexhausted claims to the state court and then return to federal court for review of his perfected petition. *Id*. at 277. The court determined that a district court has such discretion. *Id*. at 275. Stay and abeyance is available only if there was good cause for a petitioner's failure to exhaust his claims in state court first, the unexhausted claims are not plainly meritless, and the petitioner does not appear to be engaged in abusive litigation tactics. *Id*. at 277.

In deciding whether a stay is appropriate, the threshold question—whether one or more of a petitioner's claims are unexhausted—is not at issue in this case. Due to the more than seven-year delay exercised by the state postconviction court where Petitioner's Rule 29.15 motion remains pending, his efforts to exhaust his state remedies have so far proven elusive. The Court must next consider whether there is good cause for Petitioner's failure to exhaust, whether there is any indication of dilatory tactics on his part, and whether his habeas claims have merit.[2] It is unclear what more Petitioner could have

---

[2] Petitioner raises multiple claims for relief. He claims that the prosecutor failed to disclose, prior to trial that a weapon had allegedly been used in the commission of the charged crime. Petitioner also claims that his trial attorney was ineffective for: (1) failing to call key defense witnesses; (2) failing to interview or call expert witnesses; (3) failing to make certain objections to evidence introduced at trial (that petitioner purportedly had a gun during the crime) and for the fact that Petitioner was brought into the courtroom in shackles; (4) failing to engage in adequate discovery; (5) failing to advise certain witnesses

3

done to exhaust his state remedies. He appears to be blameless for the ongoing delay, and there is good cause shown for the failure to exhaust. There is likewise no indication that Petitioner has engaged in intentionally dilatory tactics. Finally, while the Court is not ruling on the merits of Petitioner's claims at this time, his claims are clearly not frivolous, and the Court is unable to conclude at this early stage of the proceedings that Petitioner's claims have no potential merit. It thus appears that Petitioner's habeas petition meets the prerequisites outlined in *Rhines*, and it would be properly within the Court's discretion to allow the petition to be stayed and held in abeyance.

The Court will now consider the unusual posture of the instant motion. As a rule, it is habeas petitioners who seek to stay and abey their cases, not state respondents. Generally, a habeas petitioner seeks a stay as the preferred alternative to dismissal for lack of exhaustion, because a stay allows him to avoid running afoul of the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996. 28 U.S.C. § 2244(d). In this case, however, it is Respondent who seeks the stay, arguing that the interests of comity and federalism militate in favor of allowing the state to first consider the merits of Petitioner's claims before the federal court interferes. In this case, the Court has previously excused Petitioner's lack of exhaustion and was prepared to review his petition on the merits when it was fully briefed. Petitioner has already

---

that they could not testify about certain topics according to the rape shield exception; (6) misleading petitioner into thinking that the jury engaged in the sentencing decision which caused him not to accept a plea deal; (7) failing to object to the prosecutor's inability to prove all of the elements of the crime, namely that the victim was 14 years of age; (8) failing to show up at a polygraph examination to represent petitioner; and (9) failing to object to certain jury instructions and/or object to the mention of an unnamed and un-prosecuted co-defendant. Petitioner additionally claims that the trial Judge engaged in a due process violation when the Judge made petitioner's counsel go to trial even though trial counsel admitted he was not prepared to proceed to trial. Last, Petitioner alleges that his appellate counsel was ineffective for failing to argue on appeal a claim of trial court error in submitting to the jury a statutory sodomy verdict director that did not specify which alleged act of anal sodomy petitioner committed, thus violating his right to a unanimous verdict.

endured inordinate delay in his state proceedings, and the Court is sympathetic to his preference that this Court simply move forward with its consideration of his petition.

The exhaustion requirement is not jurisdictional, but is "grounded in principles of comity" as it gives the state "the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *see also Rhines*, 544 U.S. at 273 ("[T]he interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claims."). Respondent argues, citing to *Rhines*, that this Court should allow the state court to proceed with its review of Bookwalter's Rule 29.15 motion, because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation[.]" *Rhines*, 544 U.S. at 274 (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950). Because the state court recently set a hearing on Petitioner's motion, Respondent argues that it is now appropriate for this Court to stay his federal case and give the state court further opportunity to consider Bookwalter's claims, thus preserving Missouri's interest in comity.

The Court is cognizant of the fact that "comity is fostered where district courts refrain from adjudicating mixed petitions," *Rose v. Lundy*, 455 U.S. 509, 510 (1982), and that such judicial restraint "protect[s] the state courts' role in the enforcement of federal law and prevent[s] disruption of state judicial proceedings." *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 490-91 (1973). Because the state court has taken recent action on Petitioner's Rule 29.15 motion, this Court will for now defer to the principles of comity

and federalism and grant Respondent's motion to stay and abey Bookwalter's federal habeas petition.

However, as Petitioner points out in his response in opposition to the motion, the state court promptly cancelled the hearing that was set for May 14, 2018, and a review of the docket sheet shows that a new evidentiary hearing date has not yet been set. This lack of further movement on the part of the state court does not give this Court great confidence that the resolution of Petitioner's state postconviction case is readily forthcoming. Petitioner has been waiting on the state court's decision for over seven years, and he should not be required to wait endlessly for a determination of his claims. That the adage "justice delayed is justice denied" may by now be trite makes it no less true.

Therefore, the Court will not hold the petition in abeyance indefinitely. The Court will grant the stay and hold Petitioner's habeas petition in abeyance for ninety days. The parties must file a status report at that time to inform the Court as to what, if anything, has happened at the state level. If, within ninety days from the date of this Court's opinion, the state court has neither rendered a decision nor taken any material affirmative action towards resolution on Petitioner's Rule 29.15 motion, the Court will lift the stay and proceed to consider his habeas petition on its merits.

Accordingly,

**IT IS HEREBY ORDERED** that Respondent's motion to stay the petition and hold it in abeyance so that Petitioner may exhaust his state court remedies is **GRANTED**. (Doc. 29).

**IT IS FURTHER ORDERED** that the instant petition is **STAYED** and held in abeyance for a period of ninety days from the date of this order.

**IT IS FINALLY ORDERED** that the parties shall file a status report ninety days from the date of this order informing the Court as to the status of Petitioner's Rule 29.15 motion. If at that time the state court has taken no action, the Court will lift the stay and consider Petitioner's habeas petition on its merits.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 29th day of June, 2018.