# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DALE D. BOOKWALTER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:17-CV-2333-SPM |
| | ) |
| DAVID VANDERGRIFF, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This closed matter is before the Court on Petitioner Dale D. Bookwalter's ("Petitioner") Motion to Alter or Amend Judgment, together with a Memorandum in Support. (Docs. 122, 123). Respondent filed a response in opposition. (Doc. 129). Petitioner filed a reply. (Doc. 130). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Doc. 5). For the reasons set forth below, the Motion to Alter or Amend Judgment is granted in part and denied in part.

**I.   BACKGROUND**

Petitioner was convicted by a jury of statutory sodomy in the first degree. While his motion for post-conviction relief was still pending, Petitioner filed a petition for writ of habeas corpus in this Court. (Doc. 1). The Court appointed counsel for Petitioner, and through appointed counsel, Petitioner filed an amended petition. (Doc. 21). On April 27, 2018, Respondent filed a motion to stay this case while Petitioner exhausted his remedies in the state post-conviction action. (Doc. 29). On June 29, 2018, the Court entered an order staying the case and holding the petition in abeyance so that Petitioner could exhaust his remedies in state court. (Doc. 40). The parties provided the Court with periodic status updates. On December 8, 2020, Respondent filed a

memorandum with the Court stating that Petitioner's state court post-conviction proceedings had been concluded. (Doc. 99). The Court lifted the stay in this case and granted Petitioner leave to file an amended petition. (Doc. 108). Petitioner filed a Second Amended Petition for writ of habeas corpus. (Doc. 117). In that petition, Petitioner asserted three grounds for relief. The Court denied the second amended petition and did not grant a certificate of appealability on any ground. (Docs. 120, 121). Petitioner now asks the Court to reconsider its denial of his second amended petition and to grant him a certificate of appealability.[1]

## II.  DISCUSSION

Rule 59(e), Federal Rules of Civil Procedure ("Rule(s)"), allows a party to seek to alter or amend a judgment within 28 days after the entry of the judgment. Rule 59(e) was adopted to make clear that the district court possesses the power "'to rectify its own mistakes in the period immediately following' its decision." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (quoting *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 450 (1982)). Rule 59(e) motions are used to correct "manifest errors of law or fact, or to present newly discovered evidence." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998); and *Hagerman v. Yukon Energy Corp.,* 839 F.2d 407, 414 (8th Cir.1988)). "[C]ourts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister*, 140 S. Ct. at 1703.

---

[1] In his motion, Petitioner includes general requests that the Court alter or amend the judgment, or issue a certificate of appealability, on all of the issues presented in his second amended habeas petition. In his memorandum in support of the motion, Petitioner only presents the argument that the Court should amend its judgment to issue a certificate of appealability related to Ground One. Because Petitioner has not presented the Court with any argument or support for his position that the Court should alter or amend the judgment or issue a certificate of appealability with respect to Grounds Two and Three of the Second Amended Petition, his requests on those claims will be denied.

Relief pursuant to this rule is subject to a court's broad discretion. *Briscoe v. Cty. of St. Louis, Mo.*, 690 F.3d 1004, 1015-16 (8th Cir. 2012). A court abuses its discretion when it fails to consider an important factor, assigns significant weight to an irrelevant or improper factor, or commits a clear error of judgment weighing those factors. *Simmons v. United States*, No. 4:11-CV-01983-ERW, 2013 WL 798046, at *3 (E.D. Mo. March 5, 2013) (citing *Rattray v. Woodbury Cty., Iowa*, 908 F. Supp. 2d 976, 1008 (N.D. Iowa 2012)). A court does not abuse its discretion in denying a Rule 59 motion when the purpose of the motion is to repeat arguments the district court already rejected. *See Preston v. City of Pleasant Hill*, 642 F.3d 646, 652 (8th Cir. 2011).

The statute governing appeals of final orders in habeas corpus proceedings provides that an appeal is not permitted "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (1994)); *see also Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (reiterating standard). This is a low bar; a claim can be considered "debatable" even if every reasonable jurist would agree that the petitioner will not prevail. *Id.* at 338.

In Ground One of Petitioner's Second Amended Petition, he argued that there was insufficient evidence presented at trial to demonstrate that he was guilty of statutory sodomy in the first degree. Specifically, Petitioner argued that the state did not prove beyond a reasonable doubt that the Victim was less than fourteen years old when the alleged abuse occurred. In denying Ground One, the Court stated that "[a]fter reviewing the record, this Court is not convinced that it

3

would have reached the same conclusion as did the Missouri Court of Appeals" but that "under the 'twice-deferential' standard this Court must apply, the Court cannot say that the state court's decision was 'objectively unreasonable.'" (Doc. 120 at 10). The Court also noted that the state court applied the correct standard. (*Id.*).

Petitioner argues that because the Court "acknowledg[ed] that it may not have reached the same decision as the Missouri Court of Appeals, it is debatable among reasonable jurist whether the state court's decision was a reasonable application of federal law or a reasonable determination of the facts." (Doc. 123 at 5). Additionally, Petitioner contends that "to be granted a certificate of appealability, [Petitioner] does [not] need to show that a reasonable jurist would grant him habeas relief only that this Court's decision is debatable among reasonable jurists" and that "[b]ecause a sufficiency of the evidence claim is, by its nature, fact-intensive, it is deserving of further scrutiny on appeal." (*Id.*) (citation omitted). Petitioner continues that because Ground One could be resolved differently and deserves further proceedings, the Court should alter or amend its judgment and grant him a certificate of appealability.

In his response, Respondent asserts that Petitioner does not meet the standard of altering or amending a judgment under Rule 59(e) and the Court correctly denied his Second Amended Petition under the highly deferential Antiterrorism and Effective Death Penalty Act ("AEDPA") standard. Respondent also alleges that the "Court correctly applied AEDPA deference, and that application is not debatable among jurists of reason[,]" (Doc. 129 at 2) (emphasis omitted), but instead "Petitioner misunderstands the law by seeking to base a certificate of appealability decision on analysis of the underlying claim, as opposed to the reasonableness of the decision to deny relief under AEDPA[,]" (*id.*).

4

In his reply, Petitioner argues that this is a "unique case" and "[t]he state failed to present an element of the offense - the victim's age - although it had ample opportunity to do so." (Doc. 130 at 2). Petitioner recognizes he was charged with an odious crime but that it "does not lessen his constitutional protections" and "[i]t is debatable among reasonable jurists that the Missouri Court of Appeals going out of its way to find support through speculation rather than sufficient evidence to uphold [his] conviction was contrary to or an unreasonable application of federal law." (*Id.*).

After careful consideration, the Court finds that the issues are debatable among jurists of reason and that the issues deserve further proceedings. *Cox*, 133 F.3d at 569. As such, the Court finds that Petitioner has met his burden and the Court will issue a Certificate of Appealability as to Ground One of the second amended petition.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Dale D. Bookwalter's Motion to Alter or Amend Judgment (Doc. 122) is **GRANTED in part** and **DENIED in part**. The motion is **GRANTED** to the extent that a Certificate of Appealability shall issue as to Ground One of Petitioner's Second Amended Petition. The motion is otherwise **DENIED**.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 31st day of October, 2022.